JOHN N. POMEROY, RESPONDENT, *v.* SAMUEL PIERCE, APPELLANT.

*Evidence — Employment of counsel by attorney — liability of client.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover for professional services rendered for defendant by the plaintiff as a counselor at law. O. M. Benedict was the sole attorney for defendant in the suit in which the services were alleged to have been rendered. It was claimed that the plaintiff was employed by Benedict with the consent and approval of the defendant. The defendant gave evidence tending to show that he employed Benedict to manage the case for a specified sum of money, and that he never recognized the employment of plaintiff. The defendant's counsel offered, on the trial, to show an agreement between defendant and Benedict, that he, Benedict, was to take charge of the case for defendant, and conduct it to judgment in the Court of Appeals, for a sum agreed upon. This evidence was excluded by the referee. The court at General Term *held*, that the fact that such an agreement had been made between defendant and Benedict, for the entire proceedings in the cause, had a bearing on the probability of the employment of the plaintiff, especially as there was no evidence in the case, except by inference, that such agreement between defendant and Benedict had been modified or rescinded, and that it should have been taken into consideration by the referee in making his decision.

The defendant's counsel asked a witness whether he had heard defendant consult with plaintiff, and with whom the consultations were invariably had; whether he heard consultations with Benedict, and whether there were any consultations with plaintiff in his presence. The referee refused to receive the evidence, but decided that any fact or conversation which took place on the occasions referred to might be proved. The General Term *held*, that, as the object of the question was to prove that no consultations were had between plaintiff and defendant in the presence of the witness,

who, it appeared, was interested in the litigation with the defendant, and accompanied him from time to time to Rochester to see counsel, the permission of the referee did not cure the error made by him in refusing to allow in evidence the answer to the question.

*A. J. Wilkin*, for appellant.     *John N. Pomeroy*, for respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed, and new trial ordered before another referee, costs to abide event.